UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SCOTT EVERS,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　No. 3:26-CV-189-CEA-DCP
　　　　　　　　　　　　　　　　　　)
TENNESSEE DEPARTMENT OF　　　　　)
CHILDREN'S SERVICES, *et al.*,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)

**O R D E R**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Joint Motion to Carry Over "In Forma Pauperis" Status from Related Case NO. 3:25-cv-00199 [Doc. 1] and the accompanying Memorandum of Law [Doc. 2]. Plaintiff asks the Court to permit him to proceed in this new action "without the prepayment of fees, based upon the Court's prior approval of their IFP status in the related matter, *Evers v. DCS, et al.*, Case No. 3:25-cv-00199" [Doc. 1 p. 1]. Plaintiff represents "that their financial circumstances have not changed since the filing of the original affidavits" and that "[t]hey remain unable to pay the costs of these proceedings or give security therefor" [*Id.* at 2]. He states that because "this is a related action arising from the same core facts and involving the same parties, and because the Plaintiffs' indigency is a matter of existing court record . . . their prior IFP status [should] 'be carried over' . . . to ensure meaningful access to the courts and to avoid the unnecessary duplication of administrative filings" [*Id.*]. Plaintiff cites to the Tennessee Savings Statute in support of their argument and posits that "[b]ecause this action is a 'saving' of the prior

litigation, the Plaintiffs' status as indigent litigants . . . should be maintained to prevent 'technical traps' that would otherwise frustrate the remedial purpose of the statute" [Doc. 2 pp. 1–2]. Plaintiff also contends that "Plaintiff Sharon Evers is a 'Qualified Individual' under Title II of the Americans with Disabilities Act" and that to deny "the carryover of a previously granted indigent status . . . constitutes a procedural barrier that the ADA was designed to prevent" [*Id.* at 2].[1]

An individual who files a complaint in a district court must tender the full filing fee or he must file an application to proceed in forma pauperis. 28 U.S.C. § 1915(a). Plaintiff has not paid the required filing fee, nor has he submitted the proper documentation to proceed in forma pauperis. Instead, he asks the Court to "carry over" its previous finding of Plaintiff's indigency in his previous court case [Doc. 1 p. 1]. This is not sufficient.

To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a). While Plaintiff maintains that his financial circumstances have not changed since the filing of his affidavits in Case No. 3:25-cv-00199, the Court observes that the required sworn applications were filed by both Scott Eves and Sharon Evers in that case, almost a year ago. *Evers v. Tenn. Dep't of Child. Servs.*, No. 3:25-cv-00199 [Docs. 1, 2] (E.D. Tenn. May 7, 2025). Not only is the information dated, but Plaintiff's statement that the financial circumstances are the same is not in the form of an affidavit of indigency as required by § 1915(a). Further, while Plaintiff argues that Plaintiff Sharon Evers is a qualified individual under the ADA, Sharon Evers is not named as party

---

[1]   The Court notes that despite Plaintiff referring to himself as "Plaintiffs" and making reference to "Plaintiff Sharon Evers," the only listed Plaintiff in this case is Plaintiff Scott Evers. While Sharon Evers appeared as a party in Case No. 3:25-cv-00199, it does not appear to the Court that she is taking part in this litigation, despite Plaintiff Scott Evers' repeated references.

to this action,[2] and the Court is unaware of any authority to support a general exception under the ADA to the requirement of filing the necessary affidavit of indigency to obtain IFP status, nor has Plaintiff cited to any. And even if Sharon Evers were a party, the Court would still require her and Plaintiff to comply with the procedural requirements of § 1915(a). Similarly, the Tennessee Savings Statute to which Plaintiff's cites provides no authority to exempt Plaintiff from the procedural requirements of § 1915, governing the necessary establishment of indigency in order to file a federal lawsuit without paying fees. *See* Tenn. Code Ann. § 28-1-105.

To the extent Plaintiff would like to proceed without paying the filing fee, he **SHALL** submit a completed Application on or before **May 25, 2026**. If Plaintiff fails to fully and timely comply with this Order, the Court shall presume he is not a pauper, shall assess the full amount of fees, and shall recommend the case be dismissed for want of prosecution if he does not pay the filing fee. *See Young v. Cameron*, No. 3:20-CV-680, 2020 WL 13093863, at *2 (W.D. Ky. Oct. 13, 2020) (directing the plaintiff to pay the filing fee or file a fully completed in forma pauperis form and warning that failure to do so would result in dismissal of the action without prejudice); *Washington v. Berryhill*, No. 18-2385, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018) ("If the plaintiff fails to file a properly completed *in forma pauperis* application or pay the filing fee within thirty days, his complaint may be dismissed without prejudice.").

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

2       *See supra* n.1.

3