UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SCOTT EVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-CV-189-CEA-DCP |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CHILDREN'S SERVICES, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

**O R D E R**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On April 7, 2026, Plaintiff filed a Motion to Carry Over In Forma Pauperis Status from Related Case No. 3:25-cv-00199 [Doc. 1], a Complaint [Doc. 8], an Amended Complaint [Doc. 9], and the instant Motion in Limine to Exclude Forensic Interview Evidence Pursuant to the 6th and 14th Amendments and Crawford v. Washington [Doc. 16].[1]

Under the Prison Litigation Reform Act of 1995 ("PLRA"), when an individual seeks to proceed without paying the filing fee, the Court is required to screen complaints. 28 U.S.C. § 1915.[2] To accomplish this end, the Court must evaluate the litigant's indigence, but

---

[1]     The Court notes that Plaintiff has also filed a Notice of Intent to Serve Subpoena Duces Tecum [Doc. 18] and Proposed Subpoenas [Doc. 19].

[2]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Because Plaintiff has not paid the required filing fee, nor has he submitted the proper documentation to proceed in forma pauperis, the Court **DENIES** the Motion in Limine to Exclude Forensic Interview Evidence Pursuant to the 6th and 14th Amendments and Crawford v. Washington [**Doc. 16**]. The Court will not entertain any further discovery motions until Plaintiff pays the required filing fee, or if Plaintiff wishes to proceed in forma pauperis, until after the Court has completed the necessary screening.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

2