| | | |
|---|---|---|
| SCOTT EVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-CV-189-CEA-DCP |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CHILDREN'S SERVICES, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

**O R D E R**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Mandatory Electronic Filing Access [Doc. 15] and Motion for Reasonable Accommodation Pursuant to the Americans with Disabilities Act (ADA) [Doc. 13]. For the reasons outline below, the Court will **GRANT** Plaintiff's Motion for Mandatory Electronic Filing Access [**Doc. 15**] and **DENY** his Motion for Reasonable Accommodation Pursuant to the Americans with Disabilities Act (ADA) [**Doc. 13**].

Plaintiff requests for "CM/ECF access to ensure 'meaningful access' to the court" [Doc. 15 p. 2]. Plaintiff avers that "[e]lectronic filing is a necessary accommodation to bypass the physical and logistical barriers presented by Plaintiffs' health conditions and out-of-state residency" [*Id.*].[1]

---

[1] Plaintiff contends that his previous action, *Evers v. Tennessee Department of Children Services*, No. 3:25-cv-199, "was dismissed without prejudice because of the Clerk's failure to provide" CM/ECF access [Doc. 15 p. 1]. The Court notes, however, that Plaintiff was granted CM/ECF access in his prior case. *See Evers v. Tennessee Department of Children Services*, No. 3:25-cv-199 [Doc. 22] (E.D. Tenn. Aug. 25, 2025).

Rule 5 of the ECF Filing Rules and Procedures of this Court provides, "A party to an action who is not represented by an attorney may, with the Court's permission, register as an E-Filer solely for purposes of that action." The Court finds Plaintiff's request to file electronically well taken, and the Court **GRANTS** the motion to the extent Plaintiff requests access to CM/ECF [**Doc. 15**].[2] Plaintiff **SHALL** be allowed to access the CM/ECF system subject to the same terms and conditions that apply to other users.

Plaintiff also requests that the "Court authorizes remote appearance via Zoom or an equivalent video-conferencing platform for all scheduled hearings and conferences in this matter" [Doc. 13]. Plaintiff alleges that he "is a qualified individual with a disability as defined by the ADA" and that "Title II of the ADA requires the judicial system to provide 'meaningful access' to its services and programs for individuals with disabilities" [*Id.* at 2]. He asserts that his "heart condition creates physical barriers that make Zoom appearances a 'reasonable' and necessary accommodation to ensure their day in court" [Doc. 14 p. 1].

Given that Plaintiff has neither paid the filing fee or submitted the proper documentation to proceed in forma pauperis, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion [**Doc. 13**]. Once Plaintiff's case proceeds, whether that be by Plaintiff paying the filing fee or after the Court's screening pursuant to 28 U.S.C. § 1915, Plaintiff may refile his request if he so chooses.

---

[2]    In Plaintiff's attached proposed order to his request for CM/ECF access, Plaintiff states that "Plaintiff Scott Evers are authorized to appear via video-conferencing (Zoom) or an equivalent telephonic/video platform for all scheduled hearings, status conferences, and proceedings in this matter" [Doc. 15-2]. It appears to the Court that this proposed order was meant to be attached to Plaintiff's Motion for Reasonable Accommodation Pursuant to the Americans with Disabilities Act (ADA) [Doc. 13].

Accordingly, the Court **GRANTS** Plaintiff's Motion for Mandatory Electronic Filing Access [**Doc. 15**] and **DENIES WITHOUT PREJUDICE** his Motion for Reasonable Accommodation Pursuant to the Americans with Disabilities Act (ADA) [**Doc. 13**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3